JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| KIYUMARS KALHOR,<br><br>    Plaintiff,<br><br>v.<br><br>INNA PHOENIX GORE, ANREW GORE,<br><br>    Defendants. | Case No. CV 15-07748-AB (FFMx)<br><br>**ORDER REMANDING CASE TO STATE COURT** |
|---|---|

On October 2, 2015, Defendants Inna Phoenix Gore and Andrew Gore, having been sued as a tenants-Defendants in what appears to be a routine unlawful detainer action in California state court, filed a Notice of Removal of that action to this Court. (Docket No. 1.) For the reasons set forth below, the Court **REMANDS** this case for lack of subject matter jurisdiction.

As a routine unlawful detainer action, Plaintiff could not have brought this action in federal court initially because the complaint does not competently allege facts creating subject matter jurisdiction, rendering removal improper. 28 U.S.C. §1441(a); *see Exxon Mobil Corp v. Allapattah Svcs., Inc.*, 545 U.S. 546, 563 (2005).

First, under 28 U.S.C. §§ 1331, 1441(b), this unlawful detainer action does not give rise to a federal question or substantial question of federal law because unlawful detainer "is purely a creature of California law." *Wells Fargo Bank v. Lapeen*, 2011

1

1  WL 2194117 (N.D. Cal. June 6, 2011).  Defendants contend that the notice to quit was
2  defective and that therefore the manner in which the unlawful detainer action is being
3  litigated is depriving them of due process.  *See* Notice of Removal 3:9-13.  Defendants
4  claim that this circumstance makes removal proper under 28 U.S.C. § 1443(1), which
5  provides for removal of a civil action "[a]gainst any person who is denied or cannot
6  enforce in the courts of such State a right under any law providing for the equal civil
7  rights of citizens of the United States, or of all persons within the jurisdiction thereof."
8  But Section 1443(1) refers to laws governing racial equality and applies when a
9  statute or authoritative decision announces that claims of the sort asserted are
10 untenable within the state's judicial system.  *See State of Wis. v. Glick*, 782 F.2d 670,
11 672 (7th Cir. 1986).  Section 1443(1) therefore does not apply to this routine unlawful
12 detainer action.  Furthermore, Defendants can challenge the alleged defective service
13 by filing a motion to quash in state court, something they claim to have already done.
14 *See* Notice of Removal 3:5-8.  In short, inadequate service of process in a routine
15 unlawful detainer action does not trigger Section 1443(1)'s right of removal.

16  Second, this unlawful detainer action does not give rise to diversity jurisdiction.
17 *See* 28 U.S.C. §§ 1332, 1441(b).  The underlying complaint states that the amount in
18 controversy does not exceed $10,000.  Moreover, removal on the basis of diversity
19 jurisdiction is not proper because Defendants in the forum state.  28 U.S.C. § 1441(b).

20  Accordingly, the Court: (1) **REMANDS** this case to the Superior Court of
21 California, Los Angeles County, Stanley Mosk Courthouse, 111 North Hill Street, Los
22 Angeles, California 90012, for lack of subject matter jurisdiction pursuant to 28
23 U.S.C. § 1447(c); (2) **ORDERS** the Clerk to send a certified copy of this Order to the
24 state court; and (3) **ORDERS** the Clerk to serve copies of this Order on the parties.

25  **IT IS SO ORDERED**.

26 Dated:  October 6, 2015                    _____
27                                              HONORABLE ANDRÉ BIROTTE JR.
28                                              UNITED STATES DISTRICT COURT JUDGE